UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a/ JET ICU,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL** |

**COMPLAINT**

By way of this Complaint, and to the best of its knowledge, information and belief, formed upon a reasonable inquiry under the circumstances, Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU" or "Plaintiff") brings this action against Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem" or "Defendant").

1. This is an action concerning Anthem's under-reimbursement of Jet ICU for air ambulance services. It is an action for damages pursuant to a claim for breach of an implied-in-fact contract inferred from a contract between the parties.

2. On November 22, 2019, patient KD, a passenger on Princess Cruise Line's "Crown Princess" arrived at the ship's medical center complaining of vomiting, abdominal pain and other symptoms. The ship's physician, after testing, diagnosed the patient with liver failure and pneumonia. The physician requested that the patient be taken to a United States hospital facility via air ambulance because he judged that both the ship's clinic and the facilities on shore at Grenada inadequate to treat the patient.

1

3. Plaintiff Jet ICU was the on-call Jet air ambulance service for Princess Cruise Line. It received the patient at the port of Grenada and transported the patient to Broward Health Medical Center in Fort Lauderdale, Florida on November 22, 2019.

4. Plaintiff received preauthorization from Defendant Anthem for this service. (Exh. 1).

5. After Plaintiff submitted an invoice on a CMS-1500 form to Anthem, as required, for $414,597.00, Anthem paid only $25,675.40, leaving an unreimbursed amount of $388,922.60.

6. In this action, Plaintiff seeks the reasonable amount in compensation for its services.

## JURISDICTION

7. The Court has jurisdiction over Jet ICU's direct claims under 28 U.S.C. § 1332(a) and § 1332(c) (diversity). The parties are diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. With respect to 28 U.S.C. § 1332(c), Defendant Anthem's principal place of business, as noted in its Explanation of Benefits ("EOB"), is Cincinnati, Ohio. Anthem's parent company, Anthem, Inc., is incorporated in Indiana.

8. The Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of this Court, and Anthem systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it.

9. Venue is appropriately laid in this District under 28 U.S.C. § 1391 because (a) Anthem transacts business in the Middle District of Florida; (b) Anthem conducts a substantial amount of business in the Middle District of Florida, including marketing, advertising and selling insurance products, and insures and administers group healthcare insurance plans both inside and

outside the Middle District of Florida; and (c) Plaintiff transacts business in the Midde District of Florida.

## PARTIES

10. Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU., is an air ambulance company whose principal office is in Tampa, Florida. It was incorporated in Florida.

11. Defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield is a health care insurance company. Its principal office as indicated on its EOB is in Cincinnati, Ohio and its parent company was incorporated in Indiana.

## FACTUAL ALLEGATIONS

12. Plaintiff provides air transport for critically ill and injured patients to medical facilities with fixed wing jet aircraft which are crewed by trained medical personnel.

13. Plaintiff must purchase or lease and periodically inspect and repair its aircraft in accordance with federal law and FAA rules and regulations; and maintain a qualified flight crew and medical staff to meet the demands of emergency air ambulance services.

14. These laws, rules, and regulations impose significant costs and expenses on Plaintiff.

15. After the patient became critically ill on board the Crown Princess, Plaintiff transported the patient to Broward Health Medical Center in Fort Lauderdale, Florida via air ambulance on November 22, 2019.

16. Defendant Anthem authorized Plaintiff to transport the patient from Grenada to Broward Health Medical Center in Fort Lauderdale, Florida via air ambulance on November 22, 2019. (Exh. 1).

17. At the time Plaintiff performed its services, Plaintiff did not have a pre-negotiated contract with Defendant. Plaintiff was out-of-network with Defendant, meaning it was not part of Defendant's network of providers.

18. In providing the medical transport services for Defendant's member, Plaintiff intended and assented to receive a reasonable price in compensation from the Defendant for the services it rendered.

19. Defendant intended and assented to pay Plaintiff a reasonable price incompensation for the services Plaintiff rendered to Defendant's member.

20. The parties' conduct established an implied-in-fact contract in which there was an implied promise of a reasonable promise of a reasonable price for the medical transport services.

21. Plaintiff fulfilled all of its obligations under the implied-in-fact contract with Defendant by providing the medical transport services to Defendant's member.

22. Defendant breached the implied-in-fact contract because it failed to reimburse Plaintiff a reasonable amount.

23. As a direct and proximate result of Defendant's breach of the implied-in-fact contract, Plaintiff suffered damages in the amount of the difference between the partial payment Defendant made and the reasonable price of the services Plaintiff rendered.

24. Plaintiff seeks only the reasonable amount for the medical transport services it rendered in this case.

**WHEREFORE**, Jet ICU demands judgment in its favor against Anthem as follows:

(a) Awarding damages or equitable relief for breach of the implied-in-fact contract;

(b) Awarding prejudgment interest;

(c) Awarding Plaintiff attorney's fees pursuant to Fla. Stat. § 627.428; and

(d) Granting such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims so triable.

## FEDERAL RULE OF CIVIL PROCEDURE 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: February 25, 2021

/s/ *James L. Magazine*
**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No.: 847232
**The Law Offices of Lucas & Magazine, PLLC**
8606 Government Drive
New Port Richey, FL 34654
(727) 849-5353[Tel]
(727) 845-7949[Fax]
Service of Pleadings only: lucasmagazine@lucasmagazine.com
Secondary email: Jcaliva@lucasmagazine.com

*Attorneys for Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU*