UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT
SERVICES, INC. and MICHAEL
BRANNIGAN,

    Plaintiffs,

v.                                             Case No: 8:21-cv-456-CEH-AAS

ANTHEM INSURANCE
COMPANIES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Anthem Insurance Companies, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. 46). In the motion, Defendant requests entry of an order dismissing Plaintiff's Second Amended Complaint for improper venue, or alternatively, transferring the action to Indianapolis, Indiana. Plaintiff, Michael Brannigan, files a response in opposition[1] arguing that the Second Amended Complaint sufficiently alleges Defendant does business in Tampa and therefore can be "found" in this District for purposes of the venue analysis under 29 U.SC. § 1132(e)(2). The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's motion in that

---

[1] Although Jet ICU is no longer a Plaintiff in this action, the response to the motion to dismiss improperly references Jet ICU as a plaintiff. *See* Doc. 47 at 2.

the motion to dismiss the Second Amended Complaint will be denied and the alternative motion to transfer this action to the Southern District of Indiana will be granted.

I.   **BACKGROUND**[2]

Plaintiff, Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU") initiated this action on February 25, 2021, against Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem" or "Defendant") for under-reimbursement of benefits for air ambulance services Jet ICU provided to Patient K.D. Doc. 1. On April 15, 2021, Michael Brannigan, attorney-in-fact for Patient K.D. ("Brannigan" or "Plaintiff") and Jet ICU (collectively "Plaintiffs"), filed an Amended Complaint, seeking unpaid benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Doc. 14.

On June 1, 2021, Anthem moved to dismiss the Amended Complaint. Doc. 28. The Court granted Anthem's motion to dismiss and granted Plaintiffs leave to file a Second Amended Complaint. Doc. 38. In its order of dismissal, the Court directed Plaintiffs, to the extent they intended to file an amended complaint, to correct the deficiencies in their complaint, including properly alleging the basis of Jet ICU's standing, attaching documents upon which Plaintiffs rely, and sufficiently alleging venue in this District.

---

[2] The following statement of facts is derived from the Second Amended Complaint (Doc. 40), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

On March 28, 2022, Brannigan, as attorney-in-fact for Patient K.D., filed a Second Amended Complaint against Anthem. Doc. 40. Jet ICU was dropped as a Plaintiff in the case. *See id.* As for the venue allegations, Brannigan alleged venue is appropriate in this District because Anthem transacts and conducts business in the Middle District of Florida and Anthem can be found in the Middle District of Florida. Doc. 40 ¶ 10. Brannigan attaches to the Second Amended Complaint an affidavit of a private investigator who visited an office building located at 4200 West Cypress Street, Tampa, Florida that had a directory listing identifying "Simply Healthcare/Anthem" as being located on the tenth floor. Docs. 40-2, 41-1. After being re-directed by a security guard from the tenth to the ninth floor, the investigator observed signage by offices on the ninth floor that included the "Anthem" name in the top left corner of the sign. Doc. 41-2.

In the Second Amended Complaint, Brannigan, as attorney-in-fact for K.D., sues Anthem in a single count for under-reimbursed benefits under an ERISA-governed Plan. Doc. 40 at 9–10. Brannigan attaches an Indiana Power of Attorney to the Second Amended Complaint. Doc. 40-3. Brannigan alleges that on November 22, 2019, patient K.D. was a passenger on a Princess Cruise Line ship and reported to the ship's medical center with complaints of vomiting, abdominal pain, and other symptoms. *Id.* ¶ 2. The ship's physician diagnosed K.D. with liver failure and pneumonia and requested air transport for the patient back to a United States medical facility because the ship's clinic and the facilities on shore in Grenada were inadequate to treat K.D. *Id.* Jet ICU, an air ambulance service, was called and transported K.D.

3

from the port of Grenada to Broward Health Medical Center in Fort Lauderdale, Florida on November 22, 2019. *Id.* ¶ 3. Jet ICU received from Anthem pre-authorization for the air ambulance services because it was medically necessary. *Id.* ¶ 4; Doc. 40-1. After providing the air ambulance transport services to K.D., Jet ICU submitted an invoice to Anthem in the amount of $414,597. *Id.* ¶ 5. Anthem paid Jet ICU $25,675.40, leaving an unreimbursed amount of $388,922.60, which amount K.D. still owes. *Id.* Through this action, Brannigan seeks recovery of the usual and customary amount owed under Florida law for emergency services rendered by Jet ICU. *Id.* ¶ 6. Alternatively, Brannigan seeks the out-of-network out-of-area rates as specified in the Anthem Blue Access Health Certificate of Coverage issued to K.D. *Id.* ¶ 7.

In its motion to dismiss the Second Amended Complaint, Anthem argues dismissal is warranted due to improper venue. Doc. 46. Anthem submits this case was brought on behalf of an Indiana Plaintiff against an Indiana insurance company based on a policy issued to an Indiana employer for an alleged breach, which occurred, if anywhere, in Indiana where K.D. resides. Because Anthem cannot be "found" in Florida as required by the ERISA venue provision, 29 U.S.C. § 1132(e)(2), Anthem requests the Court dismiss the action, or alternatively, transfer it to Indiana.

In response to the motion to dismiss, Brannigan argues that Anthem can be found in the Middle District of Florida as evidenced by the investigator's affidavit along with building photographs showing the name "Anthem" on a building directory and office signage at an office located in Tampa, Florida. Doc. 47. Anthem argues that

Plaintiff's attempt to cure the deficiencies in the venue allegations nevertheless fails because the office space belongs to Simply Healthcare, which is a different company than the Defendant, Anthem Insurance Companies, Inc., that is sued in this action. Accordingly, Anthem seeks dismissal or transfer to a proper venue—in Indiana.

## II.   LEGAL STANDARD

When a defendant moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining that the plaintiff must make "only a *prima facie* showing of venue"). Venue in federal civil actions is governed generally by 28 U.S.C. § 1391, which provides that venue is proper in: (1) the judicial district in which any defendant resides . . .; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b). ERISA's venue provision, which is intended to expand the range of potential venue locations, provides that an action brought under ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.] ..." 29 U.S.C. § 1132(e).

## III. DISCUSSION

Anthem moves to dismiss this case because venue is improper in this District. Citing ERISA's venue provision in 29 U.S.C. § 1132(e)(2), Brannigan responds that Anthem may properly be sued in this District because it can be found here. In support, Plaintiff points to the photographs of an office sign that included the name "Anthem" and the declaration of his investigator who observed the sign at an office building located in Tampa, Florida. Doc. 47 at 5. Plaintiff submits that the allegations in the Second Amended Complaint must be construed in Plaintiff's favor, and in so doing, the Court must accept that Defendant can be found in Tampa, which is in the Middle District of Florida.

While a court accepts all allegations of the complaint as true for purposes of a motion to dismiss, where venue allegations are contradicted by a defendant's affidavit, the court may examine facts outside of the complaint to determine whether venue is proper. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004); *see also, Delong Equip. Co.*, 840 F.2d at 845 ("facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits"). Here, Anthem has presented the affidavit of Beth Keyser, president, Indiana Commercial, for Anthem Insurance Companies. Doc. 46-1. At the time of her declaration on May 6, 2022, Keyser attests that Anthem is an Indiana corporation with its principal place of business in Indianapolis, Indiana and that Anthem is not authorized to do business in

the State of Florida.³ Anthem does not maintain a physical presence in the State of Florida, and it did not maintain an office at 4200 West Cypress Street, Tampa, Florida or elsewhere in Florida. Keyser states that Simply Healthcare Plans, Inc. is a corporate subsidiary of *Anthem, Inc.*, and is a separate corporate entity from Defendant, Anthem Insurance Companies, Inc.

In his response, Plaintiff makes a passing comment that this Court upheld personal jurisdiction over Defendant. But the fact that the Court may have personal jurisdiction over Anthem pursuant to § 1132(e)(2)'s nationwide service of process clause, does not necessarily mean a defendant is "found" in every district nationwide for venue purposes. Such interpretation would render the ERISA venue provision meaningless. While ERISA's venue provision is to be interpreted liberally, it is not without limits.

This Court concurs with those courts that have concluded an ERISA defendant "may be found" in a jurisdiction when "the defendant has sufficient contacts with the particular district to support a conclusion that the defendant 'may be found' there." *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 810 (7th Cir. 2002) (citing *I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.*, 699 F.2d 1254, 1257 (D.C. Cir. 1983) ("The Ninth Circuit held [in *Varsic v. United States District Court for the Central District of California*,

---

³ Even if Anthem is now registered to do business in Florida, "[f]ederal courts applying the general-jurisdiction minimum contacts analysis have held that 'contacts after the filing of the complaint are not considered.'" *Frontline Int'l, Inc. v. Edelcar, Inc.*, No. 6:10-cv-1351-GAP-DAB, 2011 WL 13209612, at *11 (M.D. Fla. Apr. 6, 2011) (quoting *Harlow v. Children's Hosp.*, 432 F.3d 50, 65 (1st Cir. 2005)); *see also* 4 Fed. Prac. & Proc. § 1067.5.

607 F.2d 245 (1979)] that Congress intended, by allowing venue wherever a defendant might be 'found,' to permit suit in any district where a defendant entity's contacts 'are sufficient to satisfy the "minimum contacts" test for personal jurisdiction' as defined by *International Shoe Co. v. Washington*.")). Here, Plaintiff has asserted no allegations that Anthem "resides or may be found" in this District to meet the minimum contacts test. Even accepting Plaintiff's allegations as true that the name "Anthem" appears on a sign at an office of Simply Healthcare, in Tampa, Florida, Plaintiff fails to allege that the office the investigator visited in Tampa has anything to do with the named Defendant in this case. On the other hand, Defendant has submitted unrebutted evidence that Simply Healthcare and Anthem, Inc. are different entities from that of the Defendant in this case, Anthem Insurance Companies, Inc., and that Defendant does not maintain an office at 4200 West Cypress Street, in Tampa, Florida, or elsewhere in Florida. Doc. 46-1. Further, Anthem has shown that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana; that it is not authorized to do business in Florida; that it does not pay Florida taxes; that it does not have a Florida telephone number or mailing address; that it does not maintain a physical presence in the State of Florida; and that it does not specifically direct advertise or promote material in the State of Florida. Thus, given Anthem's lack of contacts with the State of Florida and this District, venue is improper.

      Where, as here, venue is determined to be improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In its motion, Defendant

alternatively requests this Court transfer this action to Indiana. Courts have broad discretion in determining whether to dismiss or transfer an action. *Nat'l Trust Ins. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016). Defendant is located in Indianapolis, Indiana, which is in the Southern District of Indiana and where the plan is administered. Doc. 46 at 7; Doc. 46-1. The claimant K.D. resides in the State of Indiana. Doc. 40-3. In response to Defendant's motion, Plaintiff does not respond to Anthem's argument regarding transfer, nor does Plaintiff suggest an alternative forum. Rather than dismissal, this action is appropriately transferred to the Southern District of Indiana. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. 46) is **GRANTED-in-part and DENIED-in-part**. The motion to dismiss the Second Amended Complaint is denied. The motion to transfer this action to the United States District Court, Southern District of Indiana, is granted.

2. The Clerk is directed to immediately **TRANSFER** this case to the United States District Court for the Southern District of Indiana, Indianapolis Division. The Clerk is further directed to terminate any pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on January 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any